134 F.3d 374
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony R. DOTE, Defendant-Appellant.
 No. 96-3518.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 5, 1997.
Decided Jan. 13, 1998.
 
 Before POSNER, Chief Judge, BAUER, and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 On May 3, 1995, appellant Anthony Dote ("Dote") pleaded guilty to five counts of an indictment against him and several other co-conspirators. In the indictment, Dote was charged with being a member of a racketeering conspiracy, operating an illegal sports bookmaking business, operating an illegal poker game business, and with two counts of tax evasion. These charges stemmed from Dote's participation in a conspiracy headed by Marco Damico ("the Damico Enterprise") which carried out illegal gambling activities, made illegal "juice" loans, and committed extortion.
 
 
 2
 In Count I of the indictment, the count at issue here, Damico, Dote and a third defendant were charged with RICO violations for the operation of the gambling business. In his plea agreement, Dote acknowledged that he had engaged in the following acts in furtherance of the conspiracy: 1) making unlawful extensions of credit to Robert Cooley ("Cooley"); 2) collecting a "street tax" from Richard Lantini ("Lantini"), a bookmaker; and 3) running an illegal gambling business. At the time of sentencing, the district court took this information into account and sentenced Dote to a term of 51 months in prison. In this appeal, Dote alleges that the district court erred at the time of sentencing by failing to group several of the predicate acts under Count I of the indictment.
 
 
 3
 A question of whether the district court has correctly applied the Sentencing Guidelines is a question of law which we review de novo. United States v. Morgano, 39 F.3d 1358, 1378 (7th Cir.1994), cert. denied, 515 U.S. 1133 (1995). This includes a district court's decision to not group counts under U.S.S.G. § 3D1.2. United States v. Wilson, 98 F 3d 281, 282 (7th Cir.1996).
 
 
 4
 Under the Sentencing Guidelines, the base offense level of a RICO count is the greater of 1) 19 or 2) the offense level applicable to the underlying racketeering activity. U.S.S.G. § 2E1.1(a)(1) and (2). Application Note 1 to § 2E1.1 states that where there is more than one underlying offense, each one is to be treated as if it was contained in a separate count of conviction for purposes of determining the base offense level of the underlying racketeering activity pursuant to § 2E1.1 (a)(2). In addition, Application Note 1 directs the sentencing court to apply the adjustments contained in Chapter 3 of the Sentencing Guidelines to determine which offense level (either that calculated under (a)(1) or (a)(2)) is greater. In this case, Dote's RICO count included three underlying activities which need to be examined to determine the appropriate base offense level.
 
 
 5
 The Sentencing Guidelines mandate that when a person has been convicted of more than one count, the sentencing court is to group any closely related counts, determine the offense level applicable to each group, and then determine the combined offense level applicable to all the groups taken together. U.S.S.G. § 3D1.1(a). In this case, Dote is considered "convicted" pursuant to U.S.S.G. § 2E1.1(a)(2) of three separate acts in determining his offense level for Count I: 1) participation in the bookmaking operation; 2) the Cooley extortion; and 3) the Lantini extortion. Dote's complaint in this appeal is that the district court's failure to group these acts pursuant to U.S.S.G. § 3D1.2 was erroneous and resulted in an incorrect offense level being applied to his sentence for Count I. We disagree with Dote's assertion, and affirm his sentence.
 
 
 6
 U.S.S.G. § 3D1.2 provides that "[a]ll counts involving substantially the same harm shall be grouped together into a single Group." For these purposes, counts involve substantially the same harm
 
 
 7
 (a) When counts involve the same victim and the same act or transaction.
 
 
 8
 (b) When counts involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan.
 
 
 9
 (c) When one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts.
 
 
 10
 (d) When the offense level is determined largely on the basis of the total amount of harm or loss, the quantity of a substance involved, or some other measure of aggregate harm, or if the offense behavior is ongoing or continuous in nature and the offense guideline is written to cover such behavior.
 
 
 11
 U.S.S.G. § 3D1.2. Unfortunately for Dote, however, U.S.S.G. § 3D1.2(d) contains a list of offenses which are not to be grouped under that section. Included in that list are offenses covered by U.S.S.G. §§ 2B3.2 and 2E2.1. The Cooley extortion--extortionate extension of credit--falls under § 2E2.1, and the Lantini extortion--extortion by force or threat of injury--falls under § 2B3.2. By its very terms, § 3D1.2(d) precludes these acts from being grouped with any other offenses. Since two of the three offenses are specifically prohibited from being grouped, the three offenses must be dealt with separately. See Morgano, 39 F.3d at 1380 (predicate act was explicitly excluded from grouping by § 2D1.2(d), and therefore district court's decision not to group that offense with any other was not erroneous). Since no error can possibly result from a district court's applying the Sentencing Guidelines according to their plain language, Dote's argument in this case is without merit.
 
 
 12
 Dote attempts to analogize this case to Morgano, noting our statement therein that "[p]erhaps extortion ... and gambling ... are, under [ § 3D1.2], closely related and otherwise involve substantially the same harm to require grouping." Appellant's Brief at 6. However, in so doing, Dote ignores the fact that this statement was merely hypothetical, since we ultimately found that the extortion offense with which Morgano was charged was covered by U.S.S.G. § 2B3.2, a provision specifically excluded from grouping under § 3D1.2. Rather than helping Dote, this analogy hurts his cause, since he also was charged with the predicate act of extortion falling under § 2B3.2. Therefore, as we found above, the district court was correct in deciding not to group Dote's predicate offenses for sentencing purposes.
 
 
 13
 Dote attempts to avoid this clear result by arguing that the counts must nevertheless be grouped because they involve "the same victim, transaction(s), connected by a common criminal objective, constituting part of a common scheme or plan." Appellant's Brief at 7. It was only because of the fact that he was a member of the Damico Enterprise, Dote says, that he had any contact with Cooley and Lantini, and because of that causal connection the offenses must be grouped. The simple answer to this argument is that § 3D1.2(d) does not contain any exception to its exceptions, and Dote cannot make an end-run around the Sentencing Guidelines by arguing that he would not have engaged in any of the predicate acts but for the fact that he was in the illegal conspiracy. To accept Dote's argument would wipe § 2E1.1 off the books, since all predicate acts, by virtue of being undertaken as part of the conspiracy, would be grouped together, foreclosing the sentencing court from "treat[ing] each underlying offense as if contained in a separate count of conviction...." U.S.S.G. § 2E1.1 Application Note 1. Dote's attempt to avoid the exclusions of § 3D1.2(d) is thus unavailing.
 
 
 14
 Dote also attempts to persuade us that the counts must be grouped pursuant to United States v. Damico, 99 F.3d 1431 (7th Cir.1996), cert. denied, 519 U.S. 1151, 117 S.Ct. 1086 (1997). In his brief, Dotes suggests that Damico somehow stands for the proposition that all adjustments pursuant to Chapter 3 of the Sentencing Guidelines must be treated alike. Therefore, Dote argues, just as the district court looked to his overall place in the conspiracy to determine whether he should receive an enhancement for having played an aggravating role in the offense (pursuant to U.S.S.G. § 3B1.1), it should also have looked at his overall place in the conspiracy to determine whether the underlying offenses should be grouped. Appellant's Brief at 10-12. Just as we rejected this argument above, we reject it in this context as well. Furthermore, the holding in Damico ("the predicate-by-predicate approach of Application Note 1 [to § 2E1.1] applies, as the note states, only for the purpose of establishing a RICO defendant's base offense level, and not for the purpose of applying the Chapter Three adjustments") applied to a role in the offense adjustment, not to a grouping adjustment. The holding in no way affected the grouping provisions of § 3D1.2, and Dote's attempts to so bootstrap it must fail. Finally, Dote argues that his offenses should have been grouped because the ultimate victim in all of them was the same--namely, society. This argument is without merit, and we find no error in the district court's ruling.[1]
 
 
 15
 Because we find that the district court correctly applied the Sentencing Guidelines in this case, we AFFIRM Dote's sentence.
 
 
 
 [1]
 In its brief, the United States argued that Dote waived his objections to the district court's refusal to group his counts for sentencing purposes. Because Dote's objections fail on their merits, we need not address this argument